UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER DARRAJ; NADER DARRAJ,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JASON TITUS; JASON PHILPOT; STEPHEN WALTON; AND DOES 1-25,,<br><br>　　　　　　　　　　　Defendants. | Civil No.　11cv1657-AJB (BGS)<br><br>**ORDER ON DISCOVERY DISPUTE REGARDING PLAINTIFFS' REQUEST FOR PRODUCTION OF PEACE OFFICER PERSONNEL AND INTERNAL AFFAIRS RECORDS**<br><br>[Doc. Nos. 20, 21] |

On November 7, 2012, the parties each filed a Memorandum of Points and Authorities in support of their positions with respect to a discovery dispute stemming from Plaintiffs' request for production of peace officer personnel and internal affairs records. (Doc. Nos. 20, 21.) Defendants object to the production of this material asserting that it is irrelevant, overly broad and cannot lead to admissible evidence; as well as that the records sought are protected by the official information privilege. (Doc. No. 20 at 3-6.)

**Dispute Background**

Plaintiffs brought this case against Defendants alleging causes of action for: 1) unlawful seizure and excessive force under 42 U.S.C. §1983. (Doc. No. 1, Compl.) Plaintiffs contend that Defendants detained them without reasonable suspicion, arrested them without probable cause and and subjected them to excessive force. The parties' discovery dispute concerns Plaintiffs' requests for production of peace office personnel and internal affairs records. In response to these requests,

Defendants assert that: 1) records are irrelevant and cannot lead to admissible evidence, and 2) material is subject to the official information privilege.[1]  (Doc. No. 20 at 3-6.)

In compliance with the procedures set forth in Hampton v. City of San Diego, 147 F.R.D. 227 (S.D. Cal. 1993), Defendants filed a declaration from the agency official regarding the official information privilege and also lodged a privilege log with the Court.  Defendants also lodged the documents identified in the privilege log for *in camera* review.

**Discussion**

**I. Relevancy**

The Court must first determine whether the documents Plaintiff seeks are relevant. Defendants have objected to Plaintiff's requests for documents Nos. 1, 2, and 3 on the grounds that they seek irrelevant information.  (Doc. No. 20 at 3; *see also* Doc. No. 21 at Ex. 1.)

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is "not privileged" and "relevant to the subject matter involved in the pending action." See Fed.R.Civ.P. 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. Id.

A. Request No. 1: Copies of all reports, interviews, witness statements (tape recorded or otherwise), diagrams, photographs, investigative summaries or any other document or tape recording generated as a result of any investigation (internal affairs or otherwise) by the San Diego County Sheriff's Department and/or the County of San Diego into the incident which is the subject of this lawsuit, to wit, (the arrest of plaintiffs and others at plaintiffs' apartment complex at 463 N. 1st Street, El Cajon, CA. 92021 on July 28, 2010).

---

[1] To the extent Defendants have objected on other grounds to these requests, the Court will not address those not briefed by Defendants in the motion and only asserted through blanket objections. Defendants have waived these objections by failing to provide reasons for the objections as required under Fed. R. Civ. Proc. 34(2)(B).

The internal documents concerning the incident from which this lawsuit arises are clearly relevant and within the scope of discovery. Defendants state, however, that because Plaintiffs did not file an internal affairs complaint against the deputy Defendants, there are no records or documents reflecting Plaintiffs' complaint of excessive force, or any findings and conclusions about the event.

Because Defendants state that there are no records pertaining to the incident at issue, the Court cannot compel disclosure of documents that do not exist. Yet, to the extent that Defendants accidentally or erroneously omitted any documents concerning an investigation into the incident at issue from the privilege log and documents do in fact exist, those documents are relevant and should be produced. This includes copies of all reports, interviews, witness statements, and investigative summaries into the arrest of Plaintiffs and others at Plaintiffs' apartment complex on July 28, 2010.

B.  <u>Request No. 2:  All performance evaluations of Defendants Jason Titus, Jason Philpot, and Stephen Walton for the years 2005 - present.</u>

The Court finds Plaintiffs' request for personnel information and performance evaluations of Defendants seeks some relevant information but is overbroad. Defendants are largely evaluated in areas which bear no relationship to the claims in this case. Therefore, the Court finds that only those portions of performance evaluations that related to judgment, law enforcement, law enforcement and corrections procedures, enforcement tactics, and knowledge of policies or procedures are relevant to Plaintiffs' claims. These categories of documents may lead to evidence admissible pursuant to Fed. R. Evid. 404(b) or 608(b). Other courts have held that personnel records and performance evaluations of officers are relevant in excessive force cases. <u>See</u> <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 615 (N.D. Cal. 1995) (finding that performance evaluations "may be quite relevant to issues involved in Plaintiff's excessive force claim, because such documents may reveal the defendant officers' patterns of behavior").

Nevertheless, the Court will limit discovery of performance evaluations pertaining to Defendants to three years prior to the incident at issue in this case, which occurred on July 28, 2010. Evaluations more than three years old would be of little probative value and unlikely to lead

to the discovery of admissible evidence as Defendants are largely evaluated in areas which bear no relationship to the claims of false arrest and excessive force presented in this case.  The relevant personnel information and performance evaluations include documents numbered p00011-43; p00069-111; p000138-183; p000191.

  C. <u>Request No. 3:  Copies of all records of complaints made alleging false arrest, unlawful detention, unlawful search or seizure, excessive force, false reports, false statements or other improper procedures by Defendants for the years 2005- present, and the investigations of said complaints.</u>

  The Court finds that Plaintiffs' request for other reports or complaints is overbroad, as Plaintiffs request records for complaints made against Defendants for *any* improper procedures. The Court finds this request is relevant only to the extent that it seeks records of reports or complaints against the named Defendants that allege excessive force, false arrest, unlawful detention, unlawful search or seizure, false reports or false statements.  Such documents may lead to the discovery of admissible evidence, as information contained therein could arguably be used pursuant to Fed. R. Evid. 404(b) or 608(b) and may be relevant on the issue of punitive damages. See <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (finding information concerning other instances of conduct relevant to punitive damages as it "may lead to evidence of a continuing course of conduct reflecting malicious intent).

  After reviewing the documents submitted to the Court for *in camera* review, the Court finds that p000253-56 (investigation re: complaint of excessive force); p000274-75 (complaint re: dishonesty); p000276-283 (investigation re: complaint about dishonesty), p000284-290 (investigation re: complaint of harassment, assault and injury); p000291-297 (investigations re: complaints of force, false report); p000368-000443 (investigation re: off-duty use of force); p000444-498 (investigation re: complaint of use of force); p000499-568 (investigation re: use of force); p000569-570, p000576-658, p000689-734, 737-803, 857 (investigation re: complaints of force) are relevant and responsive to Plaintiffs' request No. 3.

  The Court finds that documents numbered p000310-314 (complaint re: inappropriate conduct); p000571-575 (investigation and recommendation regarding courtesy); p000659-688

1  (documents concerning training and guidelines); p000735-38 (investigation report re: other
2  officers); p000804-856 (guidelines, manual, case law); p000883-957 (investigation re: complaint
3  for lack of courtesy) are irrelevant and unlikely to lead to the discovery of admissible evidence.

**II.  Official Information Privilege**

Defendants assert that the requested documents are privileged under the "official information" privilege. Federal common law recognizes a qualified privilege for official information. Kerr v. U.S. Dist. Ct. for the Northern Dist., 511 F.2d 192, 198 (9th Cir.1975). In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987); Miller, 141 F.R.D. 292, 300 (C.D. Cal. 1992); Hampton, 147 F.R.D. at 230-31. In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661.

The party invoking the privilege, however, must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 669); see also Hampton, 147 F.R.D. at 230.

> The affidavit or declaration from the agency official must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Id. at 230-31 (citing Kelly, 114 F.R.D. at 670).

If the party invoking the privilege fails to satisfy this threshold burden the documents in issue should be disclosed. Soto, 162 F.R.D. at 613. If the threshold showing requirements are met, the court must weigh whether confidentiality outweighs the requesting party's need for the information. Hampton, 147 F.R.D. at 231; see also Kelly, 114 F.R.D. at 657-58.

The Court finds, in reviewing the agency official's declaration, that Defendants have

met the threshold requirements. Therefore, the Court will weigh Plaintiffs' need for the information against Defendants' interest in confidentiality of the requested relevant information.

### A. Information related to this incident

In balancing the parties' interests related to Plaintiffs' requests for documents arising from or related to the incident at issue in this case, the Court finds that Plaintiffs' need for the information outweighs Defendants' asserted confidentiality concerns. To the extent that a police report, and internal affairs investigation arising from the incident at issue exists, it is highly relevant to the case and Plaintiffs are unable to obtain this information through alternative means. Accordingly, Defendants are to produce all relevant documents responsive to Request No. 1 (discussed above) if they exist, with any sensitive personal information redacted and subject to the protective order that the parties must have entered in this case.

### B. Performance Evaluations

The Court finds that Plaintiffs' need for performance evaluations of the named Defendants outweighs Defendants' asserted confidentiality interest. This information may lead to valuable motive, intent, or impeachment evidence that Plaintiffs cannot obtain through alternative means. Defendants assert that confidentiality is required for performance evaluations because it engenders consistency and confidence in the Department's performance evaluation process, which enhances critical and candid assessments that are vital to deputies, their superiors and the public. (Doc. No. 20-1 ¶5.) The Court finds that disclosure of this information subject to a protective order will not harm this generally asserted governmental interest in confidentiality of performance evaluations. See Kelly, 114 F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the threat to law enforcement interests is disclosure to the public generally, not simply to an individual litigant and/or her lawyer."). Defendants also argue that personnel records contain sensitive personal information such as medical histories, family, residence, social security numbers, and financial information that can expose deputies and their families to safety risks and fraud if disclosed. (Id. at 1-2.) Yet, this information, which the Court agrees has no bearing on Plaintiffs' false arrest and excessive force claims, can easily be redacted to protect Defendants' sensitive personal information. Therefore, Defendants are to produce all relevant documents

1  responsive to Request No. 2 (discussed above), with sensitive personal information redacted and
2  subject to the protective order that the parties must have entered in this case.

### C. Reports or Complaints against Defendants on similar incidents

4  The Court finds that Plaintiffs' need for documents related to other incidents of
5  excessive force false arrest, unlawful detention, unlawful search or seizure, false reports, or false
6  statements outweighs Defendants' confidentiality interest. This information may lead to valuable
7  motive, intent, pattern, or credibility evidence on the three principal defendants in this case.
8  Plaintiffs cannot obtain this information through alternative means. Defendants' assertion that
9  internal affairs records require confidentiality because they may contain references to other Sheriff
10 personnel other than named Defendants or may contain unsubstantiated accusations of misconduct
11 does not override Plaintiffs' need for this relevant information. (Doc. No. 20 at 6.) Defendants'
12 assertion that internal affairs records should be kept confidential so that government's interest in
13 effective law enforcement can be enhanced does not override Plaintiffs' need for this highly
14 relevant information. (Doc. No. 20 at 5); see Bernat v. City of California City, 2010 WL 4008361
15 at *6 (E.D. Cal. Oct. 12, 2010) ("Repeatedly, courts have found that the privacy interests police
16 officers have in their personnel files do not outweigh the civil rights plaintiff's need for the
17 documents.") (citing Martinez v. City of Stockton, 132 F.R.D. 677, 683 (E.D.Cal.1990); Hampton,
18 147 F.R.D. at 230; and Miller, 141 F.R.D. at 301). Therefore, Defendants are to produce all
19 relevant documents responsive to Request No. 3 (discussed above), with sensitive personal
20 information redacted and subject to the protective order entered in this case.

### Conclusion

22  Defendants are to produce the documents identified in the privilege log as p00011-43;
23 p00069-111; p000138-183; p000191; p000253-56 (investigation re: complaint of excessive
24 force); p000274-75 (complaint re: dishonesty); p000276-283 (investigation re: complaint about
25 dishonesty), p000284-290 (investigation re: complaint of harassment, assault and injury);
26 p000291-297 (investigations re: complaints of force, false report); p000444-498 (investigation re:
27 complaint of use of force); p000499-568 (investigation re: use of force); p000569-570, p000576-
28 658, p000689-734, 737-803, 857  no later than **December 10, 2010**. Defendants are to redact

1 | sensitive personal information that has no bearing on this case.

2 | The parties are ordered to file a JOINT MOTION for PROTECTIVE ORDER and email
3 | a proposed protective order no later than **December 5, 2012**. The production of these documents
4 | will be subject to the protective order that is entered in this case.

5 | **IT IS SO ORDERED.**

7 | DATED: November 28, 2012

9 | Hon. Bernard G. Skomal
10 | U.S. Magistrate Judge
United States District Court